UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

SARITA LAINA,

                  Plaintiff,

       - against -           <u>ORDER</u>

UNITED CEREBRAL PALSY OF NEW YORK    CV 2011-3983 (SJ)(MDG)
CITY, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - -X

     Plaintiff brings this action under Title I and Title V of the Americans with Disabilities Act, sections 501 and 504 of the Rehabilitation Act, Title VII of the Civil Rights Act of 1964 and similar state civil rights statutes against defendant United Cerebral Palsy of New York City, Inc. ("UCP"), a New York corporation, alleging employment discrimination on the basis of plaintiff's disability.  Compl. (ct. doc. 1) at 1.  Plaintiff filed her complaint on August 17, 2011 and served defendant according to the procedure outlined in N.Y. B.C.L. § 306(b)(1) for service on a domestic corporation by serving a copy of the summons and complaint on the New York Secretary of State on December 9, 2011.  Affidavit of Service dated Dec. 21, 2011 (ct. doc. 5) at 1.

     By letter motion dated Jan. 4, 2011, defendant requested an extension of its time to respond to the complaint on the grounds that it did not receive a copy of the complaint and summons until December 15, that it erroneously informed counsel that it had been served on the date of receipt instead of the date of delivery upon

the Secretary of State and that its insurance carrier requires additional time to decide whether to appoint an attorney to defend this action.  Letter to the Court from Andrea Green, Esq. (ct. doc. 8) at 1-2.  This Court granted the motion on the same date.  Order dated Jan. 4, 2012.

Plaintiff has moved for reconsideration, citing the lateness of defendant's request and its alleged change of heart regarding waiver of jurisdictional defenses.  Letter to the Court from Ralph G. Reiser, Esq. (ct. doc. 9) at 1-2.  This Court declines to reconsider its prior grant of the extension.

### DISCUSSION

The standard for granting a motion for reconsideration is "strict."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Id.  Reconsideration is appropriate where movant demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."  In re Bear Stearns Companies, Inc., 2011 WL 4063685, *1-*2 (S.D.N.Y. Sept. 13, 2011) (internal citations omitted).  See also Dira Realty, LLC/CMP Improvements, Inc. v. Local 1031, 2010 WL 5449851, *2-*3 (E.D.N.Y. Dec. 28, 2010).

Since the prior decision is supported by the Federal Rules of Civil Procedure and caselaw and because plaintiff cannot show any manifest injustice, the plaintiff's motion is denied. However, because this Court granted the extension without explanation, the reasons for doing so are discussed below.

Plaintiff is correct that defendant's motion for an extension is untimely.  Federal Rule of Civil Procedure 12(a)(1)(a) states that a defendant must serve an answer to a complaint within 21 days after being served.  Although the Rules do not specify what constitutes "being served," this Court concludes that defendant should be deemed to have been served on December 9, 2011.

The Federal Rules provide that a plaintiff may serve a defendant corporation by "delivering a copy of the summons and of the complaint to ... any other agent authorized ... by law to receive service of process."  F.R.C.P. 4(h)(1)(B).  In New York, the Secretary of State is so authorized.  N.Y. B.C.L. § 306(b)(1).  In recognition of the fact that certain forms of service may take longer to reach a putative defendant than personal delivery, the Federal Rules grant three extra days for a defendant to file an answer to service effectuated under specific federal procedural provisions.  See F.R.C.P. 6(d) (allowing extra time for service under Rule 5(b)(2)(C), (D), (E), or (F)).  Rule 5(b)(2)(F), in turn, refers to service made "by any other means that the person consented to in writing."  Service was thus

complete when the complaint and summons were delivered "to the agency designated."  F.R.C.P. 5(b)(2)(F).

Any corporation authorized to do business in New York must designate the Secretary of State as its agent to receive process, either in its certificate of incorporation or its application for authority to do business.  N.Y. B.C.L. §§ 304, 306(b)(1); see also Trustees of 531 Pension Fund v. American Indus. Gases, Inc., 708 F.Supp.2d 272, 276 (E.D.N.Y. 2010).  Therefore, defendant is deemed to have consented to the Secretary of State receiving service of process, and therefore it had three extra days to respond to plaintiff's complaint.  Cf. Beller & Keller v. Tyler, 120 F.3d 21, 26 (2d Cir. 1997) (service was made on the day that plaintiff "nailed" process to defendant's door and mailed it him a copy but he may have been entitled to an additional three days because service was "at least in part" by mail).  However, defendant's letter motion still comes too late since 21 days after December 9, 2011 is December 30, 2011.  Three days after that is January 2, 2012, which was the observed date of New Year's Day.  Therefore, defendant's answer would have been due on January 3, 2012, the next business day.

Since defendant's request for an extension is untimely, this Court considered whether defendant's delay is due to "excusable neglect."  Fed.R.Civ.P. 6(b)(1)(B).  The Second Circuit has stated that "excusable neglect" is a "somewhat elastic concept" that may include omissions beyond the control of the untimely party as well as "delays caused by inadvertence, mistake, or

-4-

carelessness" where "the delay as not long, there is no prejudice to the opposing party, and [the belated party's] excuse has some merit." LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995); see also Allstate Ins. Co. v. Administratia Asigurarilor De Stat, 163 F.R.D. 196, 198 (S.D.N.Y. 1995) (excusable neglect can be established by a showing of good faith and a "reasonable basis for not acting within the specified period"). This Court finds that the one-day gap between the deadline of defendant's answer and its extension motion, the uncertainty previously discussed as to the exact date of that deadline, defendant corporation's erroneous report to its counsel of the date of service and defendant's need to consult with its insurance carrier constitute excusable neglect on defendant's part and valid reasons to extend the time to respond to the complaint.

Notwithstanding plaintiff's attempt to characterize the dispute as one between the parties over waiver of a jurisdictional defense, at issue is the defendant's short delay in answering. Nothing in the record indicates bad faith on the part of defendant, and plaintiff has not shown that she will suffer any prejudice due to defendant's delay or this extension. See, e.g., Carter v. Potter, 2007 WL 879417 at *5 (E.D.N.Y. Mar. 22, 2007) (declining to dismiss complaint where plaintiff "believed in good faith that she was adhering to the filing deadlines" and complaint was filed one day late, "a delay that obviously caused no prejudice to defendant"); Coolidge v. Coates, 2006 WL 3761599, *2 ("Certainly, [plaintiff] cannot contend that

he was in any way prejudiced by the short delay" of defendant filing a response to the complaint); Coughlin v. Tailhook Ass'n, Inc., 818 F.Supp. 1366, 1368 (D.Nev. 1993) (considering defendant's motion to dismiss on the merits and stating that plaintiff "has not been prejudiced by the one-day delay in the filing" of the motion); cf. United Adver. Agency, Inc. v. Robb, 391 F.Supp. 626, 631 (D.C.N.C. 1975) (declining to "refus[e] to consider a substantial issue such as was raised by [defendant's] motion because of a one or two day delinquency in complying with a strictly procedural rule").

Moreover, plaintiff's argument that defendant "should not be rewarded" for its departure "from its prior stance that there would be no problem waiving a defense involving service of process" is misplaced.  Ct. doc. 9 at 2.  While plaintiff appears to have a good faith basis to believe service was proper, plaintiff is wrong to condition an extension on a waiver of defenses on service, or faulting defendant for changing its position on waiver to await determination by insurance counsel. Personal service is fundamental to prosecution of any action. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process ... is fundamental to any procedural imposition on a named defendant); In re Kalikow, 602 F.3d 82, 92 (2d Cir. 2010).  In addition, given this circuit's well-established preference for "adjudication of cases on their merits rather than on the basis of formalities," Jackson v.

-6-

Mahoney, 116 F.3d 465, *1 (2d Cir. 1997), a slightly belated request for an extension of time to respond, based on excusable neglect, should not be refused where the alternative is that defendant is essentially in default.

This Court therefore denies plaintiff's request for reconsideration and affirms the prior order extending defendant's time to answer or otherwise respond to the complaint by February 20, 2012.

**SO ORDERED.**

Dated:     Brooklyn, New York
           January 5, 2012

                                    /s/_____
                                    MARILYN DOLAN GO
                                    UNITED STATES MAGISTRATE JUDGE